THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE RELIGIOUS AND CHARITABLE RISK POOLING TRUST OF THE BROTHERS OF CHRISTIAN SCHOOLS AND AFFILIATES, a/s/o THE SISTERS OF PROVIDENCE OF PROVIDENCE MOUNT ST. VINCENT,<br><br>Plaintiffs,<br><br>v.<br><br>TYCO SIMPLEXGRINNELL, a/k/a SIMPLEXGRINNELL, LP, a Florida Limited Partnership; RELIABLE AUTOMATIC SPRINKLER CO., INC., a New York Corporation; JOHN DOE CORPORATIONS 1–10,<br><br>Defendants. | CASE NO. C14-1954-JCC<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on Defendants' 12(b)(6) Motion to Dismiss (Dkt. No. 5). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

I.      BACKGROUND

On August 17, 2012, Defendant SimplexGrinnell, LP ("SimplexGrinnell") serviced and tested the fire protection system of the Sisters of Providence Mount St. Vincent ("the Sisters of Providence"), a community of and assisted living facility for religious Sisters in Seattle,

Washington. Dkt. No. 13 at 3. On December 7, 2012, a defective sprinkler head unnecessarily activated and caused significant water damage to the Sisters of Providence's property. Dkt. No. 5 at 3–4. Following the incident, SimplexGrinnell replaced the components of the fire protection system and took the defective sprinkler head into its possession. Dkt. No. 13 at 3. SimplexGrinnell has retained possession of the defective sprinkler head despite several requests by Plaintiffs for its return. Dkt. No. 1, Ex. 2 at 3.

The Religious and Charitable Risking Pooling Trust of the Brothers of the Christian Schools and Affiliates ("the Trust") brought suit on behalf of the Sisters of Providence in state court. Dkt. No. 1, Ex. 2. The Trust brought causes of action for (1) violation of RCW 7.72 *et seq.* (products liability), (2) negligent installation of the sprinkler system, (3) negligent inspection of the sprinkler system, and (4) negligent spoliation of evidence or interference with a prospective civil action. Dkt. No. 1, Ex. 2 at 4–6. SimplexGrinnell removed to this Court based on diversity jurisdiction. Dkt. No 1 at 2; 28 U.S.C. § 1332, 1367. SimplexGrinnell then filed the present Motion to Dismiss, arguing that the Trust and the Sisters of Providence failed to state a claim upon which relief may be granted due to the provisions of a contract ("the contract") between the parties. Dkt. No. 5. SimplexGrinnell's Motion to Dismiss states that (1) the contract is binding upon the Trust as a subrogee, and therefore the Trust's suit is barred under the provisions of the contract; (2) the Trust has failed to plead a tort cause of action for either spoliation of evidence or negligent inspection under the "independent duty" rule. Dkt. No. 5 at 6–12; *Eastwood v. Horse Harbor Found.*, 241 P.3d 1256 (Wash. 2010). SimplexGrinnell attached a copy of the contract to its Motion to Dismiss and urged the Court to consider it in the adjudication of such motion. Dkt. No. 5, Ex. A.

## II.  DISCUSSION

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal when the opposing party "fails to state a claim upon which relief can be granted." Fed. R. Civ.

P. 12(b)(6). To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). There must be no genuine issues of material fact in dispute. *Id*. However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56.

When ruling on a 12(b)(6) motion to dismiss, a district court may not typically consider evidence outside the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 56; *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may consider documents outside the pleadings for a 12(b)(6) motion if (1) they are "incorporated by reference" into the complaint, or (2) the court chooses to take judicial notice.

Documents external to the complaint may be "incorporated by reference" in the complaint if they are "referred to extensively," "form the basis" of the complaint, or "if the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Ritchie*, 342 F.3d at 908l; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Tangential reference to a document does not satisfy the standard of "incorporation by reference." *F.T.C. v. Amazon.com, Inc.*, C14-1038-JCC, 2014 WL 6750494 at 3 (W.D. Wash. 2014).

A court may also review external materials when considering a motion to dismiss if they are subject to judicial notice. Fed. R. Evid. 201(b). A court may take notice of factual matters that are either generally known or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Ritchie*, 342 F.3d at 908–09. This doctrine is generally applied with caution because it deprives a party the opportunity to offer rebuttal evidence, cross-examination, and argument to attack contrary evidence. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1551 (9th Cir. 2005).

**B.     SimplexGrinnell's Attachment to the Motion to Dismiss**

SimplexGrinnell's attachment of the contract to its Motion to Dismiss is procedurally inappropriate, SimplexGrinnell having failed to establish sufficient grounds for the Court to consider the contract. Dkt. No. 5, Ex. A. Consideration of a motion to dismiss is typically limited to the face of the pleadings. The Trust and the Sisters of Providence did not attach a copy of the contract to their Complaint, and the Complaint does not refer to the contract.

SimplexGrinnell's attachment of the contract to the Motion to Dismiss does not fall within the "incorporation by reference" doctrine. The Complaint alleges breaches of *common law negligence* and violation of the *products liability statute* of Washington, not breaches of contract. Dkt. No. 1, Ex. 2 at 4–6. The Complaint does not refer to the contract, and there are disputed issues as to the contract's relevance to the dispute. Therefore, the Court finds that the contract may not be considered for the Motion to Dismiss pursuant to the "incorporation by reference" doctrine.

Judicial notice is infrequently taken and is reserved for factual matters whose veracity is beyond reasonable controversy. Fed. R. Evid. 201(b), Note to Subdivision (b). The contract at issue does not satisfy this standard, and therefore the Court declines to take judicial notice of it when considering SimplexGrinnell's Motion to Dismiss.

The attachment of the contract by SimplexGrinnell to its 12(b)(6) Motion to Dismiss was procedurally improper, and does not fall within the scope of the "incorporation by reference" or judicial notice doctrines. Therefore, the Court has declined to consider it for the purposes of SimplexGrinnell's Motion to Dismiss.

**C.     SimplexGrinnell's Motion to Dismiss**

The Complaint filed by the Trust and the Sisters of Providence alleges products liability and common law negligence on the part of Defendants. When examining all factual allegations in the Complaint as true and construing them in the light most favorable to the Trust and to the Sisters of Providence, the Court finds that they have presented a plausible cause of action

supported by facts present in the record.  Also, there are genuine issues of material fact in the dispute regarding the applicability of the contract between SimplexGrinnell and the Plaintiffs to the causes of action alleged.  First, SimplexGrinnell's assertion that the contract is applicable to all issues and binding upon the Trust cannot be decided as a matter of law without further discovery and consideration of the contract itself.  Because the Court has declined to consider the contract for the purposes of the Motion to Dismiss, there are insufficient grounds in the Complaint to find that the Trust's claims are barred by the contract.  Second, questions of law and fact exist regarding the applicability of the "independent duty" rule to the current dispute and the nature of the spoliation of evidence claim by the Trust.  The "independent duty" test focuses on whether the injury is traceable to a breach of a tort law duty of care arising independently of the contract, and a careful case-by-case analysis is applied.  *Eastwood*, 241 P.3d at 1264–65.  Further discovery is necessary to properly evaluate whether the "independent duty" rule applies to the current case, and therefore the Court declines to find that the Trust's claims are barred as a matter of law.  Therefore, the Court **DENIES** the Motion to Dismiss.

### D. Conversion to Summary Judgment

The Court declines to convert the present Motion to Dismiss into a Motion for Summary Judgment.  Either party is free to file a separate Motion for Summary Judgment at a later time.

## III. CONCLUSION

For the foregoing reasons, SimplexGrinnell's Motion to Dismiss (Dkt. No. 5) is **DENIED**.

DATED this 11th day of February 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE